IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | **JURY DEMANDED** |
| MASCOT REALTY, LLC and MICHAEL J. GONZALES, | § § § | |
| Defendants. | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION,
UNFAIR COMPETITION, AND REFUSAL OF REGISTRATION**

Plaintiff The Board of Regents of The University of Texas System ("Plaintiff"),

appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1.      This is an action for trademark infringement, unfair competition, and refusal of

registration under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham

Act"), for trademark infringement and dilution under the Texas Business and Commerce Code,

and for trademark infringement and unfair competition under Texas common law.

2.      This Court has jurisdiction over the subject matter of this action pursuant to

Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial

Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state

law claims under 28 U.S.C. § 1367(a).

**PARTIES**

3.      Plaintiff is a Texas state agency established for the purpose of governing The

University of Texas System. The powers and duties of Plaintiff are set forth generally at Chapter

65 of the Texas Education Code. Plaintiff maintains its principal office at 201 West 7th Street, Austin, Texas 78701.

4.    On information and belief, Defendant Mascot Realty, LLC is a Texas limited liability company with a principal place of business at 111605 Shimmering Sea Drive, Austin, Texas 78747.

5.    On information and belief, Defendant Michael J. Gonzales is an individual residing in Austin, Texas. Mr. Gonzales is the founder and sole owner of Defendant Mascot Realty LLC, and personally participates in and directs the company's activities.

6.    Defendant Mascot Realty, LLC and Defendant Michael J. Gonzales are collectively referred to herein as "Defendants."

**FACTS**

**A.    THE UNIVERSITY AND ITS TRADEMARKS**

7.    Plaintiff operates a system of world-class universities and related institutions throughout Texas. Plaintiff's flagship academic institution is The University of Texas at Austin ("UT" or the "University").

8.    UT was founded in 1883 and is world-renowned for providing outstanding educational services at the college and graduate levels. The University provides educational programs in a broad spectrum of disciplines such as investing, real estate, architecture, business, communication, education, engineering, fine arts, law, liberal arts, nursing, and social work. Many of UT's educational programs consistently rank among the top schools in the United States in their respective fields.

9.      UT offers a variety of housing services, including student housing, apartment- and house-finding services, and management of residence halls and apartments for students, their families, and guests. Examples of such services are attached hereto as **Exhibit A**.

10.     The University also operates an extensive trademark licensing program, through which it licenses its marks under controlled conditions for use in connection with a wide range of products sold to the public. The University's licensed products are extremely popular, and its licensing program has grown to be one of the most successful collegiate licensing programs in the world.

11.     In connection with its products and services, the University has adopted and has long and continuously used the marks LONGHORN, LONGHORNS, TEXAS, THE UNIVERSITY OF TEXAS, THE UNIVERSITY OF TEXAS AT AUSTIN, UT, and the Longhorn Silhouette Logo shown below (the "LONGHORN Marks").



12.     UT's school colors are burnt orange and white, and thus its marks are typically presented in or on the color burnt orange (the "Burnt Orange Indicia"), including in connection with its housing services.

13.     A federal district court in the Western District of Texas, Austin Division has held that the University owns "strong common law trademark rights in . . . its burnt orange and orange and white color schemes." *See Bd. of Regents of Univ. of Texas Sys. v. Reynolds*, No. 1:18-CV-182-RP-ML, 2019 WL 7759498, at *4 (W.D. Tex. Aug. 30, 2019), *report and recommendation adopted*, No. 1:18-CV-182-RP, 2019 WL 7758920 (W.D. Tex. Sept. 18, 2019).

14.    UT's live mascot is a Texas longhorn named Bevo. UT also uses various depictions of its Hook 'Em mascot in connection with its goods and services, including the depictions show below (the "HOOK 'EM Marks").



15.    The LONGHORN Marks, Burnt Orange Indicia, and HOOK 'EM Marks are referred to collectively herein as the "UT Marks."

16.    The UT Marks have been extensively used by UT for decades in connection with its educational services, athletics programs, and a wide variety of other products and services, including housing services.

17.    The University's UT Marks are inherently distinctive and serve to identify and indicate the source of the University's products and services to the public.

18.    As a result of the University's long use and promotion of the UT Marks, the marks have become distinctive to designate the University, to distinguish the University and its products and services from those of others, and to distinguish the source or origin of UT's products and services. As a result of these efforts by UT, the consuming public throughout the

United States, including in the State of Texas, widely recognizes and associates the UT Marks with the University.

19.    As a result of the University's long use and promotion of the UT Marks, UT has acquired valuable common law rights in the UT Marks.

20.    The UT Marks are famous within the State of Texas.

21.    The University has registered or applied to register several of the UT Marks with the United States Patent and Trademark Office (the "USPTO") and the Texas Secretary of State. *See, e.g.*, U.S. Reg. Nos. 1,234,940; 1,340,787; 1,351,805; 1,342,737; 1,456,574; 3,838,936; 4,103,969; 4,751,660; 1,876,709; 5,001,160; 6,038,357; and 1,231,408; Tex. Reg. Nos. 4388017; 4388217; and 3897417. These registrations are valid and subsisting, and the federal registrations are incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of these registrations are attached hereto as **Exhibit B**.

**B.    DEFENDANTS' INFRINGING ACTIVITIES**

22.    Defendants provide apartment- and house-finding services in Austin under the mark LONGHORN STUDENT HOUSING, including through their promotion and use of the domain name longhornstudenthousing.com.

23.    Defendants use other LONGHORN marks in connection with their Austin-based business, including LONGHORN HOUSING GUIDE, longhornhousingguide.com, and 1-959-LONGHORN.

24.    Defendants also prominently use a burnt orange and white color scheme and various depictions meant to resemble UT's Hook 'Em mascot in connection with their housing services, as shown below.

# LONGHORN HOUSING GUIDE









25.    Recently, in November 2025, Defendants posted a video of a UT tailgate party they attended in Austin, which included the signage below promoting their housing services.

26.    A month later, in December 2025, Defendants updated Mascot Realty's Facebook profile photo to display a logo incorporating most of the University's Longhorn Silhouette Logo, as shown below.



27.    Additionally, Defendants have prominently used the mark THE UNIVERSITY OF TEXAS AT AUSTIN DEAN OF STUDENTS OFFICE as a pop-up on their website, suggesting that the site is put out by or affiliated with UT's Dean of Students' Office.

28.    The marks and indicia, including the orange and white color scheme, referenced and shown in paragraphs 22-27 above are hereinafter referred to as the "Infringing Marks and Indicia."

29.    Defendants are using the Infringing Marks and Indicia to target UT students to use their housing services.

30.    Defendants' business model is built upon the goodwill of university trademarks and indicia, as indicated by the presence of numerous other mascots and university pages on their website, as well as their name – Mascot Realty.

31.    Representative printouts from Defendants' website and Facebook page showing their use of the Infringing Marks and Indicia are attached hereto as **Exhibit C**.

32.    On information and belief, as the founder and sole owner of Defendant Mascot Realty, LLC, Defendant Michael J. Gonzales directs and controls the activities of Mascot Realty, LLC, has the ability to bind Mascot Realty, LLC in transactions, and is responsible for Mascot Realty, LLC's use of the Infringing Marks and Indicia.

33. Defendants are using the Infringing Marks and Indicia in commerce, including in Texas. Defendants' use of the Infringing Marks and Indicia began long after the University developed rights in its UT Marks, and long after the UT Marks became famous in Texas.

34. Defendant Mascot Realty, LLC filed an application to register the mark LONGHORN STUDENT HOUSING with the USPTO. *See* U.S. Ser. No. 98/774,613, attached hereto as **Exhibit D**.

35. Upon receipt of a letter from the University regarding Defendant Mascot Realty, LLC's application for the mark LONGHORN STUDENT HOUSING, as well as its use of the Infringing Marks and Indicia, counsel for Mascot Realty advised that his client had agreed to abandon the application and cease using the mark LONGHORN STUDENT HOUSING.

36. Despite their agreement, Defendants have continued using the mark LONGHORN STUDENT HOUSING, as referenced and shown in paragraphs 22-27.

37. As also referenced and shown in paragraphs 22-27, Defendants have continued using the other Infringing Marks and Indicia in connection with their housing services, despite the University's repeated demands that they cease doing so.

38. Further, in November 2025, Defendant Mascot Realty, LLC filed an application to register the mark LONGHORN REALTY SERVICES with the USPTO. *See* U.S. Ser. No. 99/480,239, attached hereto as **Exhibit E**.

39. Defendants are not affiliated with or sponsored by UT, and have not been authorized by the University to use the Infringing Marks and Indicia, the mark LONGHORN REALTY SERVICES, or any confusingly similar marks.

40. The University has repeatedly notified Defendants of UT's rights and has made numerous attempts to resolve this dispute with Defendants prior to filing this suit.

41.    Despite the University's attempts to resolve this matter with Defendants amicably, Defendants have not ceased using the Infringing Marks and Indicia, and have in fact expanded their use of the Infringing Marks and Indicia.

## C.    EFFECT OF DEFENDANTS' ACTIVITIES

42.    Defendants' unauthorized use of the Infringing Marks and Indicia is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendants with UT, or as to the origin, sponsorship, or approval of Defendants' housing services by the University.

43.    Defendants' unauthorized use of the Infringing Marks and Indicia falsely designates the origin of their housing services, and falsely and misleadingly describes and represents facts with respect to Defendants and their services.

44.    Defendants' unauthorized use of the Infringing Marks and Indicia enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by the University over many years, and to gain acceptance for their services not solely on their own merits, but on the reputation and goodwill of UT, its UT Marks, and its products and services.

45.    Defendants' unauthorized use of the Infringing Marks and Indicia removes from UT the ability to control the nature and quality of the products and services provided under the UT Marks, and places the valuable reputation and goodwill of the University in the hands of Defendants, over whom UT has no control.

46.    Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to UT and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

47.    Plaintiff repeats the allegations above as if fully set forth herein.

48.    The acts of Defendants complained of herein constitute infringement of Plaintiff's federally registered UT Marks in violation of 15 U.S.C. § 1114(1).

49.    Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the UT Marks, and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the UT Marks. In view of the egregious nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION

50.    Plaintiff repeats the allegations above as if fully set forth herein.

51.    The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52.    Defendants' acts of unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT III: TRADEMARK INFRINGEMENT UNDER TEXAS LAW

53.    Plaintiff repeats the allegations above as if fully set forth herein.

54.    The acts of Defendants complained of herein constitute infringement of Plaintiff's state trademark registrations in violation of Texas Business and Commerce Code § 16.102.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

55.    Plaintiff repeats the allegations above as if fully set forth herein.

56.    The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## COUNT V: COMMON LAW UNFAIR COMPETITION

57.    Plaintiff repeats the allegations above as if fully set forth herein.

58.    The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## COUNT VI: DILUTION UNDER TEXAS LAW

59.    Plaintiff repeats the allegations above as if fully set forth herein.

60.    The acts of Defendants complained of herein constitute dilution of Plaintiff's famous UT Marks in violation of Texas Business and Commerce Code § 16.103.

61.    Defendants willfully intended to trade on the recognition of Plaintiff's famous UT Marks and/or to harm the reputation of the marks.

## COUNT VII: REFUSAL OF REGISTRATION

62.    Plaintiff repeats the allegations above as if fully set forth herein.

63.    This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant Mascot Realty, LLC's right to registration of the mark LONGHORN REALTY SERVICES, the subject of U.S. Ser. No. 99/480,239.

64.    Defendant Mascot Realty, LLC's mark LONGHORN REALTY SERVICES, the subject of U.S. Ser. No. 99/480,239, entirely subsumes Plaintiff's LONGHORN mark, targets the University's students, and will be seen as uniquely and unmistakably identifying Plaintiff.

65.    The fame of Plaintiff is such that, should Defendant Mascot Realty, LLC's mark LONGHORN REALTY SERVICES be used in connection with Mascot Realty's services, a connection with Plaintiff would be presumed. Thus, Mascot Realty, LLC's application to register the mark LONGHORN REALTY SERVICES should be refused under 15 U.S.C. § 1052(a).

-11-

66.     Further, the mark LONGHORN REALTY SERVICES, the subject of U.S. Ser. No. 99/480,239, so resembles Plaintiff's LONGHORN mark as to be likely to cause confusion, or to cause mistake, or to deceive. Registration should therefore be refused under 15 U.S.C. § 1052(d).

67.     Plaintiff petitions the Court to issue an order certified to the Director of the USPTO refusing registration of Defendant Mascot Realty, LLC's LONGHORN REALTY SERVICES application pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that:

(a)     Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the Infringing Marks and Indicia, and/or any other mark, name, or indicia that is confusingly similar to or likely to cause dilution of those marks, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b)     Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all signage, promotional material, internet postings and advertisements, and any other materials bearing or using the Infringing Marks and Indicia, and/or any other mark, name, or indicia that is confusingly similar to or likely to cause dilution of those marks;

(c)     Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(d)     Plaintiff recover all damages it has sustained as a result of Defendants' activities, and that said damages be trebled;

(e)     An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(f)     The Court determine that Defendant Mascot Realty, LLC is not entitled to registration of the mark LONGHORN REALTY SERVICES that is the subject of U.S. Ser. No. 99/480,239 and certify an Order pursuant to 15 U.S.C. § 1119 refusing registration of U.S. Ser. No. 99/480,239 to the USPTO Director, who shall make appropriate entry upon the records of the USPTO and shall be controlled thereby;

(g)     Plaintiff recover its reasonable attorneys' fees;

(h)     Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

(i)     Plaintiff recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

Dated: February 17, 2026

/s/ *Alexandra H. Bistline*
Jered E. Matthysse
Texas Bar No. 24072226
Alexandra H. Bistline
Texas Bar No. 24092137
**PIRKEY BARBER PLLC**
1801 East Sixth Street, Suite 300
Austin, Texas 78702
(512) 322-5200
(512) 322-5201 (fax)
jmatthysse@pirkeybarber.com
abistline@pirkeybarber.com

*Attorneys for Plaintiff*

-14-