**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **The Board of Regents of the University of Texas System,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:26-cv-00366-ADA-SH** |
| | § | |
| **Mascot Realty, LLC and Michael J. Gonzales,** *Defendants* | § | |

**ORDER**

Now before the Court are Defendant Michael J. Gonzales' Pro Se Motion for Appointment or Referral of Pro Bono Counsel and for Limited Relief to Permit Federal Counsel to Appear, filed October 8, 2026 (Dkt. 24); Gonzales' Motion to Stay Discovery Pending Ruling on Request for Appointment of Counsel, filed October 13, 2026 (Dkt. 25); and Plaintiff's Response in Opposition to Defendant's Motion to Stay Proceeding, filed October 20, 2026 (Dkt. 26).[1]

## I. Background

On May 21, 2026, counsel for Defendants Gonzales and Mascot Realty, LLC moved to withdraw, alleging that "irreconcilable differences exist" and "continued representation will result in undue financial hardship." Dkt. 13 at 1. Defendants consented to withdrawal. *Id.* The Court granted counsel's motion the next day and ordered Mascot, a limited liability company that cannot appear in court without counsel, to retain new counsel by June 25, 2026, warning: "If no attorney appears on Mascot's behalf by that date, this Magistrate Judge will recommend that default judgment be entered against it." Dkt. 4 at 4.

[1] The Honorable Alan D Albright (ret.) referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 4.

Because no attorney appeared on Mascot's behalf by the deadline, the Court ordered Mascot to show cause why default judgment should not be entered against it and extended its deadline to retain counsel until July 13, 2026. Dkt. 15. By Text Order entered July 20, 2026, the Court granted Mascot's motion to extend the deadline again, to August 7, 2026.

Three days after that deadline passed – on August 10, 2026 – Plaintiff the Board of Regents of the University of Texas System ("UT") filed a "notice of settlement in principle" signed by Gonzales and counsel for UT. Dkt. 19. On August 28, 2026, the parties filed a supplemental notice "that they are continuing to negotiate a written settlement agreement and jointly request that the Court stay the deadlines in this case for an additional 60 days while they finalize the agreement." Dkt. 20.

By Text Order issued September 8, 2026, the Court granted the request in part, staying the case and ordering the parties to file a joint stipulation of dismissal and proposed final judgment by October 6, 2026. The Court also reset Mascot's deadline to retain new counsel and the parties' deadline to submit a Rule 26(f) Report and Scheduling Order to the same date. UT represents that between September 8 and October 6, 2026, "the parties discussed (but could not finalize) settlement." Dkt. 26 at 2. UT and Gonzales timely filed a Rule 26(f) Report and Proposed Scheduling Order. Dkt. 22; Dkt. 23. But no counsel has appeared on Mascot's behalf.

Gonzales now asks the Court to appoint counsel to represent both him and Mascot and to "defer further default-judgment proceedings against Mascot" while settlement discussions continue. Dkt. 24 at 1. Gonzales also asks the Court to stay discovery pending resolution of the motion to appoint counsel. Dkt. 25.

UT filed no response to Gonzales' motion to appoint counsel, but opposes the motion to stay. Dkt. 26.

## II. Defendant Gonzales

A *pro se* plaintiff in a civil case is not entitled to appointed counsel as a matter of right. *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). A district court need not appoint counsel for an indigent plaintiff in a civil lawsuit absent exceptional circumstances. *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). Factors a court should consider in determining whether exceptional circumstances warrant appointment of counsel include the (1) type and complexity of the case; (2) plaintiff's ability adequately to present and investigate his case; (3) presence of evidence that largely consists of conflicting testimony, requiring skill in presentation and cross-examination; and (4) likelihood that appointment will benefit the plaintiff, the court, and the defendant by shortening the proceeding and assisting in just determination. *Id.*

No factor favors a finding of exceptional circumstances. First, the trademark claims UT asserts against Defendants do not appear to be particularly complex. Second, Gonzales has adequately and coherently litigated his case thus far, including complying with Court orders, conferring with opposing counsel for joint filings, and engaging in settlement negotiations. There is no indication that the third factor is present. Finally, Gonzales does not show that appointment will benefit the parties and the Court by shortening this proceeding or assisting in just determination. The Court finds that Gonzales has not shown exceptional circumstances warranting appointment of counsel.

## III. Defendant Mascot Realty, LLC

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." *Id.* "The term 'person,' as used in this provision, refers only to natural persons and thus does not cover artificial entities." *FCCI Ins. Co. v. Veritas Mgmt. Co.*, No. SA-24-CV-00743-ESC, 2025 WL 1914882, at *1 (W.D. Tex. Mar. 7, 2025). Because Mascot is an artificial entity, the Court does not appoint counsel to appear on its behalf.

"When a corporate defendant fails to obey orders to obtain counsel after being warned of the consequences of failing to do so, the district court may properly strike its defenses or enter default." *Sweeney v. Hoy Health LLC*, No. SA-22-CV-00323-XR, 2023 WL 11904104, at *3 (W.D. Tex. Nov. 3, 2023). The Court granted counsel for Mascot's motion to withdraw on May 22, 2026, ordered Mascot to retain new counsel, and warned that failure to do so would result in entry of default. Dkt. 14 at 4. Five months have passed, and Mascot does not show good cause to extend the deadline and delay the case again. For these reasons, this Magistrate Judge finds that entry of default against Mascot is warranted.

## IV. Conclusion

The Court **DENIES** Gonzales' Pro Se Motion for Appointment or Referral of Pro Bono Counsel and for Limited Relief to Permit Federal Counsel to Appear (Dkt. 24) and **DISMISSES as moot** Gonzales' Motion to Stay Discovery Pending Ruling on Request for Appointment of Counsel (Dkt. 25).

Because new counsel has not appeared on Mascot Realty, LLC's behalf, the Court **ORDERS** the Clerk of Court to enter default against it for failure to defend under Rule 55(a).[2] Plaintiff then may apply for a judgment based on the default. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

**SIGNED** on October 24, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

[2] Entry of default under Rule 55(a) is a clerical, non-dispositive matter that is within the authority of this Magistrate Judge to direct, deny, or set aside. *Ejim v. Henry*, No. 1:25-CV-1103-ADA-SH, 2025 WL 3907011, at *3 n.3 (W.D. Tex. Nov. 10, 2025), *R. & R. adopted*, 2026 WL 68922 (W.D. Tex. Jan. 7, 2026).